Jeffrey I. Kohn
(NJ Bar #027951988)
jkohn@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel.: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for Defendants Bank of America, N.A. and Bank of America Corp.*

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS VERITAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BANK OF AMERICA CORP. and BANK OF AMERICA, N.A.,<br><br>Defendants. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332(d), 1441(d), and 1446, Defendants Bank of America, N.A. ("BANA") and Bank of America Corp. ("BAC"), by and through their undersigned counsel, hereby remove this action brought by Plaintiff Chris Veritas ("Plaintiff") from the Superior Court of New Jersey Law Division, Essex County (the "State Court"), , where the action is currently pending, to this Court.  The grounds for removal are as follows:

### BACKGROUND TO THE NOTICE OF REMOVAL

1. On November 2, 2018, Defendants were served with a Summons and Complaint that had been filed on September 4, 2018, a true and correct copy of which is attached collectively as Exhibit A.  The action was brought as a putative class action in the State Court

under the caption *Chris Veritas on behalf of himself and all others similarly situated v. Bank of America Corp. and Bank of America, N.A.*, Docket No. ESX-L-006242-18.  No other process, pleadings, or orders have been filed and served in this action, and no other defendant has been named or served.

2.  In the Complaint, Plaintiff asserts a claim predicated on an alleged violation of New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56(a) *et seq*. and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq*. (collectively, "NJWHL") (Compl. ¶¶ 11, 32.) Specifically, Plaintiff asserts that Defendants failed to pay overtime, failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and other similarly situated employees, and failed to furnish each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.  (Compl. ¶¶ 62–64.)

3.  Plaintiff, on behalf of himself and a putative class of allegedly similarly situated employees, seeks compensatory damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.  (Compl. ¶ 66.)

4.  This Notice of Removal has been filed within thirty (30) days of service on Defendants, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied.  Therefore, this Notice of Removal has been timely filed.

**BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")**

5.  This Court has subject matter jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), because this is a putative class action in which: (i) there are 100 or more members in Plaintiff's proposed class; (ii) at least some members of the proposed class, including Plaintiff, have a different citizenship from one or more defendants; (iii) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000 (exclusive

of interest and costs); and (iv) no exceptions to CAFA apply.  *See* 28 U.S.C. §§ 1332(d)(2)(A) & 5(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).[1]  These four conditions are satisfied here for the reasons set out below.

6. First, the number of members in the proposed class exceeds one hundred (100). Plaintiff filed this action as a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(b) because Plaintiff pleads that this civil action should be considered a class action under New Jersey law.  (Compl. ¶ 32.)  Plaintiff alleges that the putative class proposed in the Complaint involves "at least 50" Mortgage Loan Officers, "however variously titled" (collectively, "Loan Officers") in New Jersey during the class period, which Plaintiff defines as "between two years prior to the filing of this Class Action Complaint and the date of final judgment in this matter. (*Id.* ¶¶ 36, 32.)  Defendants' records indicate that there were over one hundred (100) Loan Officers actively employed by Defendant in New Jersey over the last two years.  (Declaration of Brian Houghton in Support of Defendants' Notice of Removal ("Houghton Decl.") ¶ 2.) Accordingly, there is no dispute that the number of putative class members in the class proposed by Plaintiff exceeds one hundred (100).

7. Second, Plaintiff is a citizen of the State of New Jersey, residing in Montclair Township, Essex County.  (Compl. ¶ 12.)  BANA is a national banking association under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina.

---

[1] Defendants do not waive, and expressly reserves, all arguments that this matter is improper for both class certification and as a non-class representative action.

(Houghton Decl. ¶ 5.) BAC is a publicly-traded corporation with its principal place of business in Charlotte, North Carolina. (*Id*.) BANA and BAC's headquarters—as well as the majority of their administrative, executive, and support functions—are centralized in Charlotte, North Carolina, and the companies control and direct their nationwide operations from North Carolina. (*Id*.) Pursuant to 28 U.S.C. § 1332(d)(10), both entities are citizens of North Carolina for purposes of removal jurisdiction. Accordingly, Plaintiff is a citizen of a state different from Defendants within the meaning of 28 U.S.C. §§ 1332(d)(2)(A).

8. Third, the claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. § 1332(d)(2), exceed the necessary sum of $5,000,000 "in controversy" within the meaning of 28 U.S.C. §1332(d)(2). Although Defendants expressly deny all of the allegations in the Complaint, further deny that Plaintiff may be a class representative of Mortgage Loan Officers "however variously titled," and further deny that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the proposed class and the breadth of the claims alleged and relief sought, the amount put "in controversy" by this litigation exceeds $5,000,000, based on the following reasonable assumptions:

    a. On average, over the last two years, Defendants actively employed approximately seventy (70) Loan Officers in New Jersey at any single point of time. (*Id*. ¶ 3.)

    b. The average base hourly wage of these Loan Officers is approximately twenty-seven U.S. dollars and fifty-five cents ($27.55) (assuming a fifty-five (55)-hour workweek for the reasons set out below). (*Id*. ¶ 4.) New Jersey law requires any work done in excess of forty (40) hours per week

4

to be compensated at 1.5 times the hourly rate. N.J.S.A. 34:11-56a4. Therefore, the average hourly overtime wage of all Loan Officers is forty-one U.S. dollars and thirty-three cents ($41.33).

c. The Complaint alleges that the putative class members were not paid overtime wages for hours worked in excess of forty (40) hours in a week. (Compl. ¶ 44.) Plaintiff alleges that "during most workweeks between August 2016 and December 2017, [Plaintiff] worked approximately 50 to 60 hours per week, but did not receive any overtime pay for any hours worked over 40." (*Id*. ¶ 14.) Although Defendants deny this allegation, if true, and if all similarly situated class members worked, on average, fifty-five (55) hours a week, which includes fifteen (15) hours of overtime, for two years looking back from the date of filing of this lawsuit until the present, the potential damages at issue would be five million thirty four thousand twenty-one U.S. dollars and fifty-three cents ($5,034,021.53).[2]

d. Note that this calculation is conservative in that, among other things, it uses an artificially short time period.

9.   Fourth, no CAFA exception applies to the present case. The "Local Controversy Exception" does not apply to the present case because neither Defendant is a citizen of New Jersey, the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc). The "Home State Exception" also does not apply to the present case because neither Defendant is a citizen of New Jersey, the state in which the action was originally

filed. *See* 28 U.S.C. § 1332(d)(4)(B).

10. Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. § 1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

## VENUE

11. Plaintiff's state court action was commenced in the Superior Court of New Jersey Law Division, Essex County, and pursuant to 28 U.S.C. §§ 84(c) and 1446(a), (b), and (c), may be removed to this United States District Court for the District of New Jersey, which embraces Essex County within its jurisdiction.

## CONCLUSION

12. For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332 and 1441(d), and under the principles of CAFA jurisdiction, this state court action may be removed to Federal District Court.

13. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

14. Defendants have sought no similar relief with respect to this matter.

15. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them (including, without limitation, any defenses relating to service, process, and

---

[2] Specifically, 70 individuals, multiplied by $41.33 per hour, multiplied by 15 hours, multiplied by 116 weeks.

jurisdiction) and do not concede that the allegations in the Complaint state a valid claim under any applicable law.

16. Defendants reserve the right to amend or supplement this Notice of Removal in the event that additional grounds for removal become apparent.

WHEREFORE, notice is given that this action is removed from the State Court.

Dated:  December 3, 2018
        New York, New York

Respectfully submitted,

By: /s/ Jeffrey I. Kohn
Jeffrey I. Kohn
(NJ Bar #027951988)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
jkohn@omm.com

*Attorneys for Defendants Bank of America, N.A. and Bank of America Corp.*